UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANADIAN NATIONAL RAILWAYS,
INC.,

    PLAINTIFF,

v.                                                  Honorable Sean F. Cox
                                                  Case No. 05-71016

MATERIALS PROCESSING, INC.,

    DEFENDANT.

_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      On June 24, 2004, Plaintiff Canadian National Railways, Inc. ("Canadian National") filed this action, seeking to recover interstate freight charges, pursuant to 28 U.S.C. §1337(a) and 49 U.S.C. §10743(a), from Defendant Materials Processing, Inc. ("MPI").  The action was originally filed in the United States District Court for the District of New Jersey, but was subsequently transferred to this Court on March 16, 2005.  The matter is currently before the Court on Defendant's Motion for Summary Judgment.  The Court held a hearing on the motion on July 27, 2006.  For the reasons that follow, Defendant MPI's Motion for Summary Judgment shall be denied.

      Pursuant to FED. R. CIV. P. 56, a party against whom a claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof."  FED. R. CIV. P. 56(b).  Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the

burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Of course, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

MPI's Motion for Summary Judgment presents only two issues: 1) "Was the Defendant, Materials Processing, Inc., properly named as the consignee on the bills of lading at issue?" and 2) "If the Defendant was improperly named as the consignee on the bills of lading, can it be liable to the Plaintiff for the demurrage charges at issue?" (*See* Issues Presented set forth in MPI's Br. in support of Mot. for Summ. J. at v). In support of its Motion for Summary Judgment, MPI's counsel asserts that:

> Despite Canadian's allegations, it is undeniable that MPI was nothing more than a facility to store goods before they were shipped out to a third party. In this case, a third party mistakenly listed MPI as a consignee on the bills of lading before shipping the goods out. Regardless of how MPI was listed on the bills of lading, it was not the actual consignee, and thus cannot be liable for demurrage charges simply because it was incorrectly named as a consignee.

(*Id*. at 1). MPI, however, has not presented any admissible evidence in support of its motion that establishes that MPI was incorrectly named as a consignee. For example, MPI did not submit any admissions from Canadian National in which Canadian National admitted that MPI was incorrectly named on the bills of lading. Nor did MPI submit any deposition testimony or answers to interrogatories that would establish that MPI was incorrectly named on the bills of lading.

In Canadian National's Response Brief, it took the position that even if MPI was incorrectly named on the bills of lading, MPI would be still be legally liable in this case for the

demurrage charges under the circumstances of this case. At the hearing, counsel for MPI characterized that reference as "almost [a] sort of silent admission." (7/27/06 Hearing Tr. at 14). Canadian National's position cannot be construed as an admission that MPI was, in fact, incorrectly named on the bills of lading.

Because MPI has failed to present any admissible evidence in support of its mere assertion that MPI was incorrectly named on the bill of lading, MPI has not established that it is entitled to summary judgment with respect to the first issue. Moreover, the second issue presented by MPI (*i.e.*, "If the Defendant was improperly names as the consignee on the bills of lading, can it be liable to the Plaintiff for the demurrage charges at issue?") is dependant upon a ruling in favor of MPI as to the first issue. The Court therefore concludes that MPI has not established that it is entitled to summary judgment with respect to the second issue.

Accordingly, Defendant MPI's Motion for Summary Judgment is DENIED.

S/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing opinion and order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 25, 2006.

s/Jennifer Hernandez
Case Manager to
District Judge Sean F. Cox